UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GENERATOR GURU LIMITED, A
LIMITED COMPANY;

         Plaintiff,

      v.

Case No. 2:24-cv-925-KCD-NPM

GENERATOR GURU LLC, A
LIMITED LIABILITY COMPANY;
AND ALEXANDER R.
LATTIMORE, INDIVIDUALLY;

         Defendants,

_____/

## ORDER

Before the Court is Plaintiff's Motion for Default Judgment (Doc. 18) and United States Magistrate Judge Nicholas Mizell's Report and Recommendation (Doc. 20). Judge Mizell recommends that Plaintiff's motion be granted in part and that the clerk be directed to enter judgment in Plaintiff's favor. No party objected, so the matter is ripe for review.

After conducting a careful and complete review of the findings and recommendations, a district judge "may accept, reject, or modify, in whole or in part," a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1)(C). In the absence of specific objections, there is no requirement that a district judge review the report and recommendation de novo. *See Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993). Instead, when parties don't

object, a district court need only correct plain error as demanded by the interests of justice. *See, e.g.*, *Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985). Plain error exists if (1) "an error occurred"; (2) "the error was plain"; (3) "it affected substantial rights"; and (4) "not correcting the error would seriously affect the fairness of the judicial proceedings." *Farley v. Nationwide Mut. Ins.*, 197 F.3d 1322, 1329 (11th Cir. 1999).

After careful consideration and an independent review of the case, the Court finds no plain error. It accepts and adopts the Report and Recommendation in full.

Accordingly, it is now **ORDERED**:

1.     Judge Mizell's Report and Recommendation (Doc. 20) is **ACCEPTED and ADOPTED**, and the findings incorporated herein.

2.     Plaintiff's Motion for Default Judgment (Doc. 18) is **GRANTED in part** as set forth below.

3.     Defendants Generator Guru LLC and Alexander R. Lattimore are jointly and severally liable on all counts, and the Clerk is **DIRECTED** to enter a judgment in favor of plaintiff Generator Guru Limited for $200,000.

4.     The judgment shall also include the following non-monetary terms:

a. Defendants Generator Guru LLC and Alexander R. Lattimore are directed to take all necessary steps to remove all signage, websites, and other advertising material bearing the Generator Guru mark and delete any reference to the mark or any confusingly similar designation in connection with engineering services in the field of servicing or repairing electricity generators;

b. Defendants Generator Guru LLC and Alexander R. Lattimore are hereby enjoined from directly or indirectly using or registering the mark or trade name Generator Guru—in any typeface or font—for engineering services in the field of electricity generator servicing and repairing, and for related goods and services in the United States and its territories; registering any domain name confusingly similar to the mark; committing any act calculated to cause purchasers, consumers, or the general public to believe that goods and services offered by Generator Guru LLC or Alexander R. Lattimore are those rendered, produced, or sold under the control and supervision of Generator Guru Limited, or sponsored, approved, or guaranteed by Generator Guru Limited, or otherwise connected with Generator Guru Limited in any way; and causing, aiding,

or abetting any other person from doing any act prohibited by the injunction; and

c. Registration of Defendants' domain name—www.mygenguru.com—is hereby cancelled.

5. The Court will retain jurisdiction of this action for the purpose of enforcing injunctive relief by way of contempt or otherwise

**ENTERED** in Fort Myers, Florida on February 25, 2026.

Kyle C. Dudek
United States District Judge

4