UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GENERATOR GURU LIMITED, A
LIMITED COMPANY;

       Plaintiff,

    v.

GENERATOR GURU LLC, A
LIMITED LIABILITY COMPANY;
AND ALEXANDER R.
LATTIMORE, INDIVIDUALLY;

       Defendants,

Case No. 2:24-cv-925-KCD-NPM

/

## ORDER

Plaintiff Generator Guru Limited is a "world leader" in electric generators, generator servicing, and generator repair. (Doc. 1.) Defendant Generator Guru LLC and its principal Alexander Lattimore are allegedly not. Plaintiff brought this suit to collect damages and prevent Defendants from infringing on its registered mark. This Court previously granted Plaintiff a default judgment and awarded damages. Now, Plaintiff seeks attorney's fees and costs under two claims it prevailed on—the Lanham Act and FDUTPA.

### II. Discussion

#### A. Lanham Act

Violations of the Lanham Act can trigger reasonable attorney's fees to the prevailing party. Section 1117(b) mandates the award of attorney's fees in

cases where intentional trademark counterfeiting is proven absent extenuating circumstances. Section 1117(a) permits the same for exceptional cases. If willfulness or bad faith is found, a case can qualify as exceptional. *N. Am. Clearing, Inc. v. Brokerage Computer Sys., Inc.*, 688 F. Supp. 2d 1336, 1342 (M.D. Fla. 2010).[1]

On the facts admitted here by default, Defendants have willfully infringed on Plaintiff's mark. The Court can also presume a willful violation where a party defaults, as here. *Pegasus Lab'ys, Inc. v. My Dog Has Fleas, LLC*, No. 8:16-CV-1070-T-17TBM, 2017 WL 11049156, at *1 (M.D. Fla. Mar. 9, 2017). Because Defendants have refused to participate in this case, they present this Court with no mitigating circumstances to otherwise rebut the allegations of a willful violation. So under 15 U.S.C. § 1117(a), Plaintiff is entitled to attorney's fees.

### B. FDUTPA

Under FDUTPA, the prevailing party is entitled to its reasonable attorney's fees and costs. *See* Fla. Stat. § 501.2105(1). Once the prevailing party is established, the trial court has discretion to award fees after considering a set of equitable factors. *Chow v. Chak Yam Chau*, 640 F. App'x 834, 839 (11th Cir. 2015). Here, as mentioned, Defendants defaulted. The Court has

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

2

considered the equitable factors under the admitted facts and finds they favor granting fees and costs. Plaintiff has also submitted a sworn affidavit as required. The Court will thus award fees and costs under this provision as well.

### C. Reasonable Fees and Costs

To decide whether the attorney's fees requested are reasonable, we use the "lodestar" method. This is true under both the Lanham Act and FDUTPA. *See Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542 (2010); *Alhassid v. Bank of Am., N.A.*, 688 F. App'x 753, 757 (11th Cir. 2017). The lodestar method takes the number of hours reasonably expended and multiplies them by a reasonable hourly rate. The movant bears the burden of submitting documents attesting to both figures. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).

Plaintiff has met its burden here. Plaintiff has submitted affidavits and invoices for the amounts billed to the client. The Court finds both the amount of work spent on the instant action and the hourly rates reasonable.

### III. Conclusion

Accordingly, the Motion for Attorneys' Fees (Doc. 27) is **GRANTED**. The Clerk is directed to enter an updated final judgment in favor of Plaintiff and against Defendants to include the additional amounts of $12,647.50 in attorney's fees and $2,105.44 in costs.

**ORDERED** in Fort Myers, Florida on July 13, 2026.

Kyle C. Dudek
United States District Judge

4